## Perkasie Sewer Company, Appellant *v.* Pennsylvania Public Utility Commission.

Argued October 4, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*George Henry Huft,* for appellant.

*Samuel Graff Miller,* with him *Herbert S. Levy* and *Harry M. Showalter,* for appellee.

PER CURIAM, November 13, 1940:

Under date of December 1, 1936, the appellant issued and filed with the Public Service Commission (the predecessor of the present Public Utility Commission) its tariff PSC Pa. No. 6, to become effective January 1, 1937, relating to rates, rules and regulations governing the furnishing of sewage facilities in the Boroughs of Sellersville and Perkasie, Bucks County, Pennsylvania.

Under date of December 21, 1936, the said Public

Service Commission instituted an inquiry and investigation upon its own motion, based upon the ground that the rates of the appellant company, as set forth in its said tariff, were or might be unreasonable and excessive, and simultaneously ordered that the operation of said tariff be suspended from January 1, 1937 to May 30, 1937, and subsequently, under date of May 25, 1937, the present Public Utility Commission ordered that the operation of said tariff of appellant be further suspended until June 30, 1937. Upon the expiration of the period of suspension the said tariff of appellant automatically became operative and effective as of July 1, 1937.

Under date of December 22, 1936, the Borough of Sellersville, acting through its Chief Burgess, filed a complaint with the Public Service Commission against the rates as set forth in the said tariff of appellant.

No evidence, however, was submitted in said proceedings by the Public Service Commission, or the Public Utility Commission, or by the Borough of Sellersville or the Borough of Perkasie.

Hearings were held, and, under date of November 29, 1938, the Public Utility Commission filed its order nisi in said proceedings wherein it found, inter alia. that the appellant had sustained the burden of proof of the reasonableness of its proposed rates. Exceptions to the said order nisi were duly filed by appellant and, under date of May 13, 1940, the said Commission dismissed the said exceptions "except insofar as they relate to the method of rate base determination." The Commission did make certain definite findings with respect to various elements of value and allowable revenues, but failed to make any specific finding of fair value.

From the findings and determinations as contained in said orders of the Commission the appellant has taken this appeal.

At the argument before this Court, counsel for the appellant frankly admitted that the purpose of the ap-

peal was to avoid a recurrence in the immediate future of an expensive and time-consuming rate proceeding, and also to avoid being charged in the future with acquiescence in the findings of the Commission with respect to the various elements of value and rate of return.

In view of this statement of appellant's position, the issues are narrowed to the binding effect of the Commission findings, and the necessity for a finding of fair value.

With respect to the first issue, we need only emphasize the observation made in our recent opinion in *Beaver Valley Water Co. v. Public Utility Comm.*, 140 Pa. Superior Ct. 297, 14 A. 2d 205, that Commission orders fixing rates are not res judicatae. Furthermore, the findings complained of were not necessary or essential to sustain the order as finally entered; and the dismissal of appellant's exceptions "except insofar as they relate to the method of rate base determination" leaves some doubt as to the findings affected.

As to the second issue, the failure of the Commission to make a specific finding of fair value in this case does not constitute reversible error: *New Street Bridge Co. v. Public Service Comm.*, 271 Pa. 19, 114 A. 378; *City of Philadelphia v. Public Service Comm.*, 84 Pa. Superior Ct. 135. It is true that, where rates are *imposed* upon a utility by the Commission, against the will of the utility, the Commission must find fair value so that the question of confiscation, if raised, may be properly determined upon appeal. However, the issue of confiscation cannot properly be raised in the present case, as the only effect of the Commission's order was to sustain rates filed by appellant.

Apart from this, while the Public Utility Law of 1937, P. L. 1053, *authorizes* the Commission to find the fair value of the property of a public utility, (sec. 311), it does not specifically *require* such finding, except

where the Commission finds the new rate or rates of a public utility to be unjust or unreasonable, or in violation of law (sec. 308(b) and (c) )—see *Peoples Natural Gas Co. v. Penna. Public Utility Comm.*, 141 Pa. Superior Ct. 5, 14 A. 2d 133—or whenever the Commission shall be of opinion that any rates of a public utility are producing a return in excess of a *fair* return upon the fair value of the property of such public utility, used and useful in the public service, and prescribes temporary rates, and the public utility involved complains that the rates so prescribed are unjust or unreasonable (sec. 310(d) and (e) ).

Therefore, the order of the Commission, insofar as it sustains the rates filed by appellant and terminates the proceedings, is affirmed. However, we need not and do not pass upon the validity of the other findings of the Commission, and the appellant, by this affirmance, is not concluded by them.