Opinion by
 

 Hirt, J.,
 

 Goodwill Fire Company is a reputable and bona fide incorporated club of the City of Bethlehem. In all respects it is a club as defined in §2(j) of the Beverage License Law of December 20, 1933, P. L. 75, as last
 
 *44
 
 reenacted and amended by tlie Act of July 24,1941, U. L. 480, 47 PS §85. On June 6,1949, this club made application to the Pennsylvania Liquor Control Board, for a club Retail Dispenser License for the premises occupied by it on Vineyard Street in the City of Bethlehem. After hearing on the petition by the Board the application for license was refused on August 24,1949. In the appeal by the club to the court below, it was stipulated that the population of the City of Bethlehem as established by the last census is 58,490; that there are 66 licenses in the city chargeable against the city’s quota under §2 of the Act of June 24, 1939, P. L. 806, 47 PS §744-1002. The number did not include existing licenses which had been granted to hotels and clubs. Although the Board refused the license in the exercise of a general discretion authorized by §6 (a) of the Beverage License Law, supra, it was stipulated, also, in the appeal to the lower court that “The legal question at issue, based on the above facts, is whether or not a club Retail Dispenser License is one of the types of licenses limited in number by the provisions of the ‘Quota Law’ ”, supra. The lower court by opinion filed decided the question against the appellant and dismissed the appeal on September 26, 1949. In this, the club’s appeal from that order the same single question involved, as restated by appellant, is whether “a Club Retail Dispenser License [is] one of the types of licenses limited in number by the provisions of the ‘Quota Act’ ”. It is not disputed that the number of retail licenses theretofore granted to restaurants and eating places in the City of Bethlehem exceeded the limitation of such licenses under the Quota Act.
 

 Section 2 of the Quota Act, supra, provides: “No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of
 
 *45
 
 any class, for each one thousand inhabitants or fraction thereof, in any municipality,
 
 exclusive of licenses granted to hotels, as defined in this act, and clubs;
 
 but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing-contained in this section shall be construed as denying the right of the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore
 
 prescribed;
 
 but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded.”
 

 A proper construction of the phrase which we have italicized in the above quotation from the Quota Act is important if not controlling in its bearing on the question here involved. Other language perhaps might have been chosen to disclose legislative intent more obviously. But the verbal adjective “granted” modifying the noun “licenses” is a participle and in the form used, refers to existing licenses previously ordered by the Board and has no prospective implication. An occasional nice use of English in an Act of Assembly should not create an ambiguity on a mere assumption that it was accidental. The phrase as a whole, if given its proper grammatical construction relates to the exclusion of existing licensed hotels and clubs from the numeration of those licenses chargeable against the quota of a municipality. The exclusion certainly was not intended as an exception removing clubs from the operation of the Quota Law. This is made doubly clear by the unequivocal final provision of §2 to the effect that when the quota as limited by the Act has been exceeded “no new license, except for hotels . . . shall be granted so long
 
 *46
 
 as said limitation is exceeded”. This provision, read in the context of the whole of §2 definitely places clubs under the Quota Act.
 

 Appellant further contends that a club Retail Dispenser License is not one of the types of licenses limited in number by the provisions of the Quota Act. The application for a club Retail Dispenser License in this case was appropriately made under the Beverage License Law of 1933, supra, as reenacted and amended June 16, 1937, P. L. 1827, 47 PS §84 et seq. Section 2(f) of that Act, 47 PS §85(f) as last amended defines “retail dispenser” thus: “The term ‘retail dispenser’ means and includes persons licensed to engage in the retail sale of malt or brewed beverages for consumption on the premises of such licensee, with the privilege of selling malt or brewed beverages in quantities not in excess of seventy-two fluid ounces in a single sale to one person, to be carried from the premises by the purchaser thereof”. Thus a retail dispenser is a person licensed to dispense malt or brewed beverages but only by sale at retail. Appellant, a nonprofit corporation, is a “person” within §2(b) of the Act, 47 PS §85 (b), and the definition of the term “sale or sell” under §2(o) enlarging it to “include any transfer of malt or brewed beverages for a consideration” has removed the last vestige of authority from the contrary holding of
 
 Klein v. Livingston Club,
 
 177 Pa. 224, 35 A. 606, as to furnishing alcoholic beverages to club members.
 

 Specifically, appellant contends that a club Retail Dispenser License is not subject to the Quota Act because a “retail dispenser” under the definition of the Beverage License Law, supra, is one licensed to sell for consumption on the premises and
 
 also
 
 for consumption off the premises in limited quantity. This argument is specious but unimpressive. Section 6(a) of the Act,
 
 *47
 
 47 PS §89, provides: “Subject
 
 to the restrictions hereinafter provided in this act,
 
 and upon being satisfied of the truth of the statements in the application that the premises and the applicant meet all the requirements of this act and the regulations of the board, that the applicant seeks a license for a reputable hotel, eating place or club, as defined in this act, the board shall, in the case of a hotel or eating place, grant and issue, and, in the case of a club, may, in its absolute discretion grant and issue, to the applicant a retail dispenser’s license”. One of the “restrictions” referred to in 6(a) appears thereafter in §22(a) of the Act, 47 PS §100 (e) to this effect: “That no club licensee may sell any malt or brewed beverages for consumption off the premises where sold or to persons not members of the club”.
 

 A club cannot sell malt or brewed beverages without a license. The only appropriate license available is a Retail Dispensers License. If a club cannot qualify under the definition of a retail dispenser it cannot get a license at all and, without it, cannot sell malt or brewed beverages under any circumstances. But since under the definition, as subsequently restricted in the Act, a club may qualify as a retail dispenser though for sale on the premises only, it is subject to the Quota Act whenever it asserts a right to a license for the retail sale of malt or brewed beverages.
 

 We are in complete accord with the thoughtful and comprehensive opinion of President Judge Henninger, joined in by Judge Diefenderfer, of the court below. It properly disposes of every contention of the appellant in this case. Reference may be had to the opinion
 
 [1]
 
 for the proper answers to collateral questions which we have not found it necessary to discuss.
 

 Order affirmed.
 

 [1]
 

 Reported in 69 D. & C. 301.