Argued November 21, 1949.
The Liquor Control Board refused to renew Walter H. Whitford's restaurant liquor license, and he appealed to the court below which, first, dismissed his appeal but, upon reconsideration, reversed the board and directed it to renew the license. The board brought the case here.
The facts have been stipulated. In May 1947 Whitford requested the board to furnish information "relative to the quota and present number of beer and liquor licensed establishments of the boroughs of Chinchilla, Clark Summit, and Dalton all of which are situated in Lackawanna County." The board advised him that the quota for Clark Summit was filled but that there were vacancies in "both Dalton Borough and Abington Township (in which the town of Chinchilla is located)." Whitford applied for and the board issued a license for the *Page 50 
year beginning August 1, 1948 for premises which he described as located in Abington Township. Both he and the board were mistaken. Chinchilla is not a borough and it is located inSouth Abington Township, not Abington Township. The board discovered the mistake when the treasurer of Abington Township returned the license fee which the law required the board to remit to the township in which the licensed place is located and informed the board that Whitford's place was in South Abington Township. The number of licenses in South Abington Township exceeded the quota at the time Whitford's license was issued, and the board refused to renew his license in 1949.
The Quota Law of June 24, 1939, P. L. 806, § 2, 47 P. S. § 744-1002, provides: "No [new] licenses shall hereafter begranted by the Pennsylvania Liquor Control Board for the retail sale of . . . beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, . . . but where such number exceeds the limitation prescribed by this act, no new license . . . shall be granted so long as said limitation is exceeded." (Emphasis added.) Under that explicit language the board was entirely without authority to grant a restaurant license for a place in South Abington Township. Granting the license was an illegal act, and the board had no power to perpetuate the illegality by renewing it. Spankard's Liquor License Case,138 Pa. Super. 251, 260, 10 A.2d 899; McGettigan's LiquorLicense Case, 131 Pa. Super. 280, 200 A. 213.
The learned court below found justification for its decision in the Act of May 20, 1949, P. L. 1551, § 2, which in part provides: "In considering the renewal of a license, the board shall not refuse any such renewal on the basis of the proprietyof the original issuance or any *Page 51 
prior renewal of such license." (Emphasis added.) The court suggested: "Perhaps a rather fine point of distinction may be drawn between `propriety' and `illegality' as it affects the initial issue of this license", and concluded "that the language of the Act includes the situation presented by the case at Bar." That is to say, it found that "propriety" and "legality" were virtually synonymous, and that the legislative prohibition against reconsideration of propriety includes a command to ignore illegality.
There is a world of difference between propriety andlegality. It is scarcely credible that the legislature would use "propriety" when it meant "legality", for the terms are practically antithetical. Certainly the 1947 legislature knew the difference, and employed the two words in their proper sense in the same sentence. The Borough Code of July 10, 1947, P. L. 1621, § 23, 53 P. S. § 12900, provides: "In cases of ordinances effecting annexation of territory . . . the court shall have jurisdiction to review the propriety as well as thelegality of the ordinance." (Emphasis added.) See Irwin BoroughAnnexation Case (No. 1), 165 Pa. Super. 119, 122, 131,67 A.2d 757. "Legality" imports conformity to law; in that context, "propriety" connotes conformity to a norm of conduct, or more specifically, it signifies appropriateness, suitability, fitness, correctness. See Webster. The legality of an act depends upon its observance of applicable law; its propriety depends upon its appropriateness to and in the situation in which the action was taken. A judicial inquiry of the legality of an act requires examination of the law upon which it was ostensibly predicated. A judicial inquiry as to the propriety of an act of a public authority involves judgment upon the discretion and wisdom exercised in the circumstances. See State v. Superior Court, 31 Wn. 32, *Page 52 71 P. 601; Bolsta v. Bremer, 212 Minn. 269, 3 N.W.2d 430. The Act prohibits the board from reviewing the propriety of its previous decisions; it does not prohibit the board from correcting its own errors of law; and this is precisely and only what it did in refusing Whitford's application for renewal.
So that the boundaries of this decision may be clearly marked, we emphasize the statement that the board may correctits own errors of law. This decision does not reach the question which apparently interested and influenced the court below. We disclaim any intention of deciding the applicability of the quoted provision of the Act of 1949 to club liquor licenses issued by the board in response to orders of courts in jurisdictions where (before Goodwill Fire Co. Liquor LicenseCase, 166 Pa. Super. 42, 70 A.2d 706, was decided) it had been held that the Quota Law did not apply to clubs. We shall adjudicate that question when it is squarely presented.
Appellee's remaining contentions may be almost summarily dismissed. Res judicata does not generally apply to the orders of administrative agencies, Perkasie Sewer Co. v. Pa. P. U. C.,142 Pa. Super. 262, 16 A.2d 158, although administrative decisions judicially reviewed may in some instances possess the conclusive qualities of judgments. Beaver Valley Water Co. v.Pa. P. U. C., 140 Pa. Super. 297, 14 A.2d 205. See 42 Am. Jur., Public Administrative Law, §§ 161-163. The board was not guilty of laches; it acted promptly upon discovering its mistake. Benner v. Tacony Athletic Assn., 328 Pa. 577,196 A. 390. And finally, the Commonwealth is not estopped by acts of its agents which exceed their powers or violate the law.Breinig v. Allegheny Co., 332 Pa. 474, 2 A.2d 842.
Order reversed at appellee's costs. *Page 53