## Interstate Company Liquor License Case.

Argued September 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*E. G. Scoblionko,* with him *Scoblionko & Frank,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Linn H. Schantz,* Deputy Attorney General, and *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY DITHRICH, J., December 10, 1951:

On September 1, 1950, the appellant, which leases the restaurant facilities in Tourinns, Inc., a system of motor courts, filed its application with the Pennsylvania Liquor Control Board for a restaurant liquor license for premises located in Upper Macungie Township, Lehigh County. The application was refused on the ground that the Township's quota of three licenses for the retail sale of liquor and malt beverages was exceeded within the meaning of the Quota Act of June 24, 1939, P. L. 806, as amended by the Act of May 9, 1949, P. L. 964, 47 PS §744-1001 et seq. The action of the Board was affirmed by the court below and from its order the applicant appeals.

At present there are eight retail liquor licenses in the Township—two restaurant licenses and six hotel licenses. Three of the hotel licenses were issued *prior* to the passage of the Quota Act to hotels which do not meet the requirements of a hotel as set forth in the Quota Act or its amendment but which, when licensed, were hotels within the meaning of the Liquor Control Act of November 29, 1933, Sp. Sess., P. L. 15, 47 PS

§744-2. The other hotel licenses were issued *after* the passage of the Quota Act to hotels which meet the requirements of a hotel as set forth in the Quota Act but not those set forth in its amendment. Appellee concedes that the three licenses last mentioned are not chargeable against the Township quota but contends that those licenses issued *prior* to the passage of the Quota Act should be counted against it.

Section 2 of the Quota Act (47 PS §744-1002) provides: "No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, *exclusive of licenses granted to hotels, as defined in this act, and clubs;* . . . Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded." (Emphasis added.)

Section 1 of the 1949 amendment to the Quota Act increases the requirements for a hotel license, while §2 provides: "The provisions of this amending act shall not apply to hotel licenses heretofore granted or that may hereafter be granted on any application made and pending prior to the effective date of this act nor to any renewal or transfer thereof, . . ."

Should hotels which do not conform to the statutory requirements for a hotel license under either the Quota Act or its 1949 amendment, but which were licensed as hotels under the Liquor Control Act, supra, prior

to the passage of the Quota Act, be counted against the quota?

The answer to the question depends solely upon the construction of the phrase "exclusive of licenses granted to hotels, as defined in this act, and clubs" found in §2 of the Quota Act, supra. The phrase has already been construed in *Goodwill Fire Co. License Case*, 166 Pa. Superior Ct. 42, 70 A. 2d 706, where this Court, speaking through HIRT, J., said (p. 45): "A proper construction of the phrase . . . is important if not controlling in its bearing on the question here involved. Other language perhaps might have been chosen to disclose legislative intent more obviously. But the verbal adjective 'granted' modifying the noun 'licenses' is a participle and in the form used, refers to *existing* licenses previously ordered by the Board *and has no prospective implication.* . . . The phrase as a whole, if given its proper grammatical construction relates to the exclusion of *existing licensed hotels* and clubs from the numeration of those licenses chargeable against the quota of a municipality." (Emphasis added.)

More recently, the phrase was considered in *Liberty Fireman's Social Club Liquor License Case*, 168 Pa. Superior Ct. 500 (allocatur refused), 79 A. 2d 112, with particular regard to any effect the amendment of 1949 might have had on its meaning. There the question was whether a hotel license granted under the Quota Act of 1939 was to be counted against the quota. We held it was not. The following language of ARNOLD, J., speaking for the Court, is particularly apposite (p. 502): "It is therefore clear that section 1 of the Act of 1949 did nothing except increase the requirements to obtain a hotel license. Section 2 . . . did nothing but save from the operation of section 1 'hotel licenses heretofore granted [etc.].' There is not a word in that amendatory act of even an implied reference to the quota.

"*Hotel licenses were excluded from the quota* under the Act of 1939; and since the Act of 1949 makes no change in the quota provisions, they are not now to be included.

"It may or may not have been the intention of the Legislature in 1949 to include in the quota any hotel licenses granted under the Act of 1939. All that we know is that there is nothing in the Act of 1949 which places such hotels in the quota (*from which they had been excluded under the Act of 1939*). . . ." (Emphasis added.) We concluded (p. 504) : "Since, therefore, the Act of 1949 merely amended section 1 of the Act of 1939, by setting up new standards for hotel licenses, and since section 2 of the Act of 1939 excluding *hotels* from the quota was unamended and unaffected by the Act of 1949, *hotels* are still excluded from the quota." (Emphasis added.)

Notwithstanding the clarity of expression in the cases cited, which in our opinion resolve the issue in this case against the appellee beyond any doubt, the Liquor Control Board, after futilely suggesting that those cases differ from the one at bar, argues that the words "as defined in this act" compel a conclusion that only those hotels which satisfy the definitions of "hotel" as set out in the Quota Act or its amendment may be excluded in quota calculations—an "attitude" characterized by the learned President Judge of the court below as "highly technical." However, the court felt impelled to uphold the contention of the Board since to hold otherwise would be to render the words "hotels as defined in this act" nugatory. But the error into which the Board and the learned court below fell was in construing the words "in this act" to apply only to the Quota Act and its amendment, without giving any consideration whatsoever to their applicability to the Liquor Control Act, supra, under the provisions of which the hotel licenses in question were "hereto-

fore granted." Appellee cannot escape the import of the unequivocal language which we have quoted from the *Liberty Fireman's* case by urging that its force is restricted merely to hotels licensed under the Quota Act or its amendment.

Section 73 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §573, reads: "Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective." Therefore, the amendment of 1949 merged into the Quota Act, and if the words "as defined in this act" have the narrow meaning contended for by appellee, then after the passage of the amendment of 1949 those words would refer to the definition of "hotel" as it appears in that amendment and not to the definition of that term as it appears in the Quota Act. By that reasoning hotels licensed prior to 1949 which satisfy only the requirements for a hotel license under the Quota Act would now be counted against the quota, a result contrary to the decision in the *Liberty Fireman's* case and contrary to the concession made by the appellee in this case.

Our holding in the *Liberty Fireman's* case, viz., that the hotel there involved was not chargeable against the quota, was not based on the fact that it was a hotel as defined in the Quota Act, but rather was based on the fact that it was a *licensed hotel* and "since section 2 of the Act of 1939 excluding [all] hotels from the quota was unamended and unaffected by the Act of

1949, [all] hotels are still excluded from the quota." The basis for our decision here is the same.

Moreover, bearing in mind the *retrospective* implications of the phrase "exclusive of hotels, as defined in this act, and clubs" (*Goodwill Fire Co. License Case,* supra), together with the fact that "The Quota Act is in pari materia with the Liquor Control Act and therefore must be construed with it 'as one law': Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §62, 46 PS §562" (*Pine Grove Hose, Hook and Ladder Co. No. 1 Liquor License Case,* 167 Pa. Superior Ct. 194, 198, 75 A. 2d 15), we are of opinion that by the words "as defined in this act" the Legislature also had in mind the Liquor Control Act and therefore intended by the Quota Act of 1939 to exclude from the quota count the then existing licensed hotels "as defined in . . . [the Liquor Control] act," as well as in the Quota Act.

The order is reversed and the record is remitted to the court below with direction to remand it to the Pennsylvania Liquor Control Board to enter an order in accordance with this opinion.

RENO, J., dissents.