## Blue Mountain Country Club License

*Richard N. Fox* and *Compton, Handler & Berman*, for appellant.

*Horace A. Segelbaum*, Deputy Attorney General, for Liquor Control Board.

CRYTZER, J., November 12, 1956.—The Blue Mountain Country Club of Harrisburg is a nonprofit corporation under Pennsylvania laws, the decree of incorporation having been issued by the Court of Common Pleas of Perry County on February 13, 1950. The

club maintains a clubhouse and recreational facilities on 25 to 40 acres of land situate in Carroll Township, Perry County.

On July 1, 1953, the said club applied to the Pennsylvania Liquor Control Board for a new club liquor license for its Carroll Township premises. Pursuant to a request by petitioner, processing the application was deferred until May 3, 1956, when a hearing was held. On June 8, 1956, the Pennsylvania Liquor Control Board filed its written opinion and order refusing the issuance of a club liquor license, stating:

"1. As provided by the law, Carroll Township, Perry County, has a quota of two licenses for the retail sale of liquor and malt beverages, and there are three restaurant liquor licenses in effect which are counted against that quota. Accordingly, the legal quota for the said township is exceeded. There is also one hotel liquor license in the township which, under the law, cannot be counted against the legal quota.

2. The premises proposed to be licensed under this application are not located in a resort area, as claimed by the applicant."

On June 19, 1956, the club filed with this court its petition for allowance of appeal alleging the board erred:

"(a) In finding that the premises proposed to be licensed under this application are not located in a resort area, the Board acted arbitrarily and without regard to the evidence in the case.

"(b) In refusing to issue the club liquor license in this case the Board was guilty of an abuse of discretion and its judgment was manifestly unreasonable.

"(c) The evidence before the Board disclosed a present need for an additional licensed establishment in Carroll Township, Perry County, Pennsylvania,

because the licensed establishments now in existence in said Township are not sufficient to serve the needs of the members of your petitioner, their families and guests."

On the same day the court executed an order allowing the appeal.

On June 27, 1956, counsel for petitioner and for the Pennsylvania Liquor Control Board filed the following stipulation:

"It is hereby stipulated by Counsel for Appellant and Counsel for Pennsylvania Liquor Control Board in the above entitled matter, subject to approval by the Court that a certified copy of the Testimony taken at the hearing before the Examiner of the Pennsylvania Liquor Control Board be filed of record in the Office of the Clerk of the Courts of Perry County, Pennsylvania, and that the said Testimony be made a part of the record and shall be considered by the Court as if the same had been presented at the hearing before it."

The court approved the stipulation and directed that a certified copy of the testimony be filed, which was done on July 3, 1956. The case was argued at the next regular argument court, being September 18, 1956, no additional testimony being offered.

### Discussion

All parties are in agreement on the board's first finding that Carroll Township, Perry County, has a quota of two licenses and three restaurant licenses are in effect, as well as one hotel liquor license (which latter is not counted against the legal quota). Thus the quota is currently filled.

Our sole problem here is: "Are the premises proposed to be licensed located in a resort area?" The board says "No". Petitioner says "Yes" and accuses the board of (1) arbitrary action without regard to the evidence,

(2) an unreasonable abuse of discretion and (3) ignoring evidence of a need for an additional licensee to serve the members of the club, their families and guests.

A "resort area" has not been judicially defined by the appellate courts. Each case is determined on its own specific facts. Article IV, sec. 461(b) of the Act of April 12, 1951, P. L. 90, 47 PS §4-461(b) simply provides:

"The board shall have the power to increase the number of licenses in any such *municipality* which *in the opinion of the board* is located within a resort area." (Italics supplied)

The same act in section 464 provides on hearing . . . "The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved . . ."

Section 404 of the same act makes the issuance or refusal of a club license discretionary with the board, even after all the listed requirements are complied with.

The legislature did not undertake to define the meaning of the words "A resort area." The words used are general in nature and, therefore, they must be given their ordinary and common meaning in the absence of some reason for limiting their scope: Sky v. Keystone Mutual Casualty Co., 150 Pa. Superior Ct. 613.

Black's Law Dictionary, 4th ed. 1951, defines a resort as "a place of frequent assembly, a haunt". Funk & Wagnall College Standard Dictionary describes a resort as "a place to go to frequently or habitually; a place resorted to or frequented".

As commonly understood, a resort area is a place which has been set apart for persons to enjoy rest, relaxation or recreation. Resort areas are of many

types. Some emphasize and provide facilities for rest and relaxation only. Others attract the person who wishes to relax from his daily routine by providing various sport activities, such as golf, tennis, swimming or horseback riding. Others are mostly for the purpose of amusement and, therefore, provide shows, dancing and night clubs. There are some that combine all forms of relaxation, amusement and recreational activities. The characteristics common to all are its availability for rest, recreation and relaxation and that it is so used by persons frequently or habitually.

The words "a resort area" as used in the above quoted section of the Liquor Code have received judicial interpretation in two cases in Pennsylvania. In the case of License of Brindle, 32 Erie 281, the court held that these words as used in the Liquor Code contemplate an area substantially devoted to rest and relaxation. And in the case of Lance License, 83 D. & C. 150, decided in 1952 by the Court of Quarter Sessions of Susquehanna County, said court recognized the definition of a resort as a place to which persons commonly and habitually resort; a place where people go for entertainment, relaxation and rest and where accommodations and means of amusement are maintained. The court held "we would define a 'resort area' to be an area set aside for entertainment, rest and relaxation". . . .

There are some lower court opinions which have laid down certain principles in regard to this question. A brief summary of these principles are as follows:

(*a*) The section of the Liquor Code relating to the power of the board to increase the number of licenses within a resort area has application, inter alia, to club licenses: License of Greene-Dreher Legion Home License, 69 D. & C. 425.

(*b*) The test to be applied in determining whether an additional license should be granted in a resort area is not whether it would be convenient or pleasant to have such a license, but whether those license holders presently in the business are adequatly equipped to supply the demands of those frequenting the resort area: License of Lance, 83 D. & C. 150 (Susquehanna County, 1950).

(*c*) It is an invalid exercise of the board's discretion to refuse to grant an additional license in a resort area upon concluding from the bare fact of the number of licenses in effect that there are sufficient licenses without a thorough and comprehensive investigation to determine the actual need for the additional license: Osko License, 78 D. & C. 332 (Luzerne County, 1951).

(*d*) A resort area is a fact of which judicial notice may be taken by the court familiar with the area: Appeal of Elkview Country Club, 56 Lack. Jur. 32, 1955.

Appellant maintains Carroll Township has seasonal hunting and fishing. If such be the test of a "resort area", then every township in Perry County would qualify. Considering the size of Perry County, larger in area than either Dauphin or Cumberland County, the application of this criterion would result in such wholesale licensing that the Commonwealth could be flooded thereby and control of club licensing practically eliminated.

It would appear that appellant has confused the meanings of "resort" and "resort area". The evidence clearly discloses that the club meets the physical requirements for a club liquor license and has recreational facilities for its members and their guests. It is a "resort". But this does not make Carroll Township a "resort area." This single club, no matter how spacious

and diversified, cannot ipso facto convert an entire municipality into a "resort area".

The burden was upon appellant to establish by the preponderance of the relevant evidence that Carroll Township, Perry County, is a resort area. A review of the testimony submitted at the hearing before the board's examiner (which is the record in the instant matter) shows that Carroll Township is not a resort area and is not so known. Outside of some seasonal hunting and fishing in said township, all the recreational activities therein are confined to appellant's club premises. There is no unusual influx of vacationers at any time of the year, and the one local hotel, which holds a license and has guest rooms, had one guest registered during the first six months of 1953 and no guests in 1955 or 1956. The people who visit the hotel do not remain over night, and this includes those who hunt or fish in the township. In addition to the licensed hotel, there are three licensed restaurants which apparently are prepared to take care of those who require food. All the licensees testified that practically all of their business is local, with very few transients and no vacationers.

The Perry County Court of Quarter Sessions, sitting en banc (being the president judge and the two associate judges) has found as facts: (1) From the evidence, Carroll Township is not a resort area, and (2) based on the individual familiarity with the said township by all the members of the court, judicial notice is taken of the fact that Carroll Township is not a resort area. See Appeal of Elkview Country Club, 56 Lack. Jur. 32.

In the light of the above decisions, the Pennsylvania Liquor Control Board cannot be said to have abused its discretion in refusing the license. Quite the contrary is true since the court's finding of fact is identical with the board's.

Should there remain a scintilla of doubt as to "abuse of discretion" by the board we refer to President Judge Little's statement in Lance License, 83 D. & C. 150, at page 151:

"The control board is vested with discretion in determining whether more licenses than the number allowed by the quota under the Acts of 1939 and 1951 should be issued in a resort area. Courts should not be astute to find an abuse of this discretion. It is our mission to determine whether there was an abuse of discretion and, if so, correct it; it is neither our privilege nor our right to supplant the board's discretion with our own."

In sustaining the board against an "abuse of discretion" appeal, in In re Appeal of Davies, 39 Luz. 420, Judge Flannery stated:

"The section is sparsely settled. There is one establishment in the vicinity with eight tourist cabins and there is a boys' summer camp, about one mile to the south. Also there is some hunting and fishing but they are not in the immediate vicinity. How then can the locality be a resort area?"

The Supreme Court in Mieicuszny v. Rosol, 317 Pa. 91, held:

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused."

The Superior Court in Booker Hotel Corporation Liquor License Case, 175 Pa. Superior Ct. 89, held:

"It was not for the court below to substitute its discretion on the same facts as found by the Board. On such facts it was for the court to determine whether the Board had abused its administrative discretion. . . . The court of quarter sessions is not authorized

to exercise *administrative discretion*; this is vested in the Board. . . ."

This latter holding was cited with approval in Her-Bell, Inc., Liquor License Case, 176 Pa. Superior Ct. 206, and 425-429, Inc., Liquor License Case, 179 Pa. Superior Ct. 235.

Finally, appellant claims a need for this additional license (where the quota is presently exceeded) inasmuch as this is a club. In Pine Grove Hose, Hook and Ladder Co. No. 1, Liquor License Case, 167 Pa. Superior Ct. 194 (1950), which involved the refusal of a club liquor license because the quota was filled, it was held as follows:

"1. A club liquor license may not be issued in a municipality in which the quota of retail licenses under the *Act of June 24, 1939, P. L. 806, has been filled. . . .

"5. The *Act of 1939, is applicable to the issuance of club liquor licenses as well as retail licenses of every other class.

"6. The *Act of 1939 prohibits the granting of any new licenses for the retail sale of liquor and malt or brewed beverages or of malt and brewed beverages alone in any municipality where the quota is filled though not exceeded.

"7. The Liquor Control Act is police legislation for the protection of the public welfare, health, peace and morals of the people of the Commonwealth, and is to be liberally construed for the accomplishment of this purpose." (Syllabus.)

Appellant contends that upon some weekends hundreds of the club's members, their families and guests visit the premises, thus showing a need for the license. We respectfully point out that a *club* liquor license

---

* *Note:* The Act of June 24, 1939, P. L. 806, commonly referred to as the Quota Law, is now section 461 of the Liquor Code of 1951, P. L. 90, supra.

would not serve families, guests or other nonmembers of the club. It could not furnish "public" accommodations.

We reiterate: This one club, regardless of its size, its diversity and the numbers of its members, does not convert an entire municipality into a "resort area".

### Order

And now, November 12, 1956, in accordance with the foregoing opinion, the appeal of the Blue Mountain Country Club of Harrisburg is dismissed and the refusal of the Pennsylvania Liquor Control Board to grant the said club a liquor license for its premises situate in Carroll Township, Perry County, is hereby sustained.