## Bedford Lodge's License

*Alvin L. Little,* for appellants.

*Harry E. Simmons,* Special Deputy Attorney General, for Liquor Control Board.

WRIGHT, P. J., February 24, 1942.—Bedford Lodge No. 480, Loyal Order of Moose, made an application to the Liquor Control Board of the Commonwealth of Pennsylvania for a club liquor license. After investigation, inspection, and hearing, said board refused to issue the license for the sole reason that the quota for the Borough of Bedford is already exceeded. From this ruling the lodge appealed. After hearing de novo and argument by counsel, the matter is before the court for determination.

If this application had been passed upon prior to the effective date of the Liquor License Quota Act of June 24, 1939, P. L. 806, the Liquor Control Board would have issued the license. The question involved arises because of the passage of that act, the pertinent portion of which reads as follows:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; . . . but where such number exceeds the limitation prescribed in this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

It has been agreed by the attorneys in this case and stipulated of record that the population of the Borough of Bedford is 5,268, that the number of retail licenses permitted under the Liquor License Quota Act is four, and that there are five restaurant licenses already in effect. The Liquor Control Board has taken the position that the limitation prescribed by the Quota Act applies to both restaurant and club licenses. The Moose Lodge contends that the prescribed limitation applies only to restaurant licenses and not to club licenses.

It is not our function to determine what or how many licenses shall be granted. Those are questions for the legislature. If the construction of a legislative enactment becomes the subject of controversy, as in this case, it then becomes our function to interpret the words used by the legislature for the purpose of ascertaining the meaning intended.

In our conscientious opinion there is no difficulty whatever in the construction of the legislative language above quoted. The first sentence sets up the method by which the quota is established and, in computing the quota, both hotel and club licenses are excluded. The second sentence then plainly sets forth that, where the quota, as thus established, is exceeded, no new licenses shall be granted except for hotels, thereby expressly prohibiting additional restaurant or club licenses.

This same construction has been given to the act by the Attorney General and by many of the lower courts of the Commonwealth. The taking of this appeal was apparently motivated by the fact that a few of the lower courts have ruled otherwise. Our study of the opinions in these cases leads us to believe that the reasoning therein was evolved to justify the conclusion reached rather than that the conclusion was logically arrived at as a result of the reasoning.

So far as this question concerns the County of Bedford, therefore, we propose to rule that, where the limitation as established by the Liquor License Quota Act is exceeded, no new licenses except for hotels may be granted, thereby interpreting the limitation established by the Quota Act to apply to both club and restaurant licenses.

### Decree

Now, to wit, February 24, 1942, the order of the Liquor Control Board refusing to issue a club liquor license to the Bedford Lodge No. 480, Loyal Order of Moose, is affirmed, and the appeal of said lodge is hereby dismissed at the cost of appellant.