Talley Liquor License Case.

Argued October 2, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert Tower Potts,* for appellant.

*William N. J. McGinniss,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY RHODES, P. J., November 12, 1957:

This is an appeal by applicants for a hotel liquor license from an order of the Court of Quarter Sessions of Bucks County sustaining the action of the Pennsylvania Liquor Control Board refusing the grant of such license.

The board's refusal to grant a hotel liquor license to appellants was based on two reasons: (1) The quota for retail liquor and malt beverage licenses, chargeable against the quota, in Plumstead Township, Bucks County, wherein appellants' premises are located, was filled, and (2) the premises do not comply with the physical requirements of a hotel as prescribed by the Liquor Code of April 12, 1951, P. L. 90, §461 (c), 47 PS §4-461 (c).

There has been a malt beverage license for appellants' premises in Plumstead Township from about 1933. Prior to the effective date of the Volstead Act

there was a license to sell liquor and beer on the premises. Appellants took possession on June 15, 1955, and a malt beverage license was granted thereafter to them.

Appellants do not question the findings of the board that the quota of three licenses for the township was filled or that the premises do not meet the specific physical requirements for a hotel set up by section 461 (c) of the Code, 47 PS §4-461 (c).

Appellants' contentions are that, as the premises originally complied with the requirements for a hotel when a hotel malt beverage license was first granted about 1933, section 461 (c) of the Code is not applicable, and that to compel compliance now with that provision would subject them to retroactive legislation.

Since the quota was filled no new license could be granted except as provided in section 461 (a) of the Code, 47 PS §4-461 (a). *Liberty Fireman's Social Club Liquor License Case,* 168 Pa. Superior Ct. 500, 502, 79 A. 2d 112; *DeAngelis Liquor License Case,* 183 Pa. Superior Ct. 388, 395, 133 A. 2d 266. The quota provisions of the Liquor Code are a limitation upon the power of the courts as well as of the board. *Bethel Township Veterans Home Association Liquor License Case,* 180 Pa. Superior Ct. 159, 119 A. 2d 613. Likewise, the minimum physical requirements in section 461 (c) applicable to hotel license applicants, being express legislative enactments, are mandatory.

The court below, in an opinion by Judge RUBIN, has adequately disposed of appellants' contentions as follows: "Nowhere in the Liquor Code is there authority for the proposition that a hotel malt beverage license may be exchanged for a hotel liquor license. Exchanges from one kind of license to the other, except as hereinafter noted [§437 of the Liquor Code, 47 PS §4-437], are not contemplated other than on the basis of a new application which would be subject to the limitations

prescribed by the Liquor Code. See Kester's Appeal, 140 Pa. Superior Ct. 293 and Azarewicz Liquor License Case, 163 Pa. Superior Ct. 459 [DeAngelis Liquor License Case, supra, 183 Pa. Superior Ct. 388, 393, 133 A. 2d 266]. . . . We are constrained to hold that the instant application for a hotel liquor license is a new application and that since the establishment of the applicants does not meet the requirements of a hotel under Section 461 (c) of the Liquor Code, it cannot be granted a hotel liquor license."

Hotel licenses granted prior to the first day of September, 1949, or any renewal or transfer thereof are not affected by the provisions of section 461 (c) of the Code, 47 PS §4-461 (c) (8). The fact that appellants held a malt beverage license did not make their request for a hotel liquor license anything but a new application. Consequently, the Liquor Code of 1951 is not given a retroactive effect.

The order is affirmed.