## Scherer Liquor License Case.

50

Argued June 13, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*William N. J. McGinniss*, Special Assistant Attorney General, with him *George G. Lindsay*, Assistant Attorney General, and *David Stahl*, Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Albert J. Crawford, Jr.*, for appellees.

OPINION PER CURIAM, September 13, 1962:

The order of the Court of Quarter Sessions of Delaware County is affirmed on the per curiam opinion of the court below, reported at 28 Pa. D. & C. 2d 60.

---

DISSENTING OPINION BY RHODES, P. J.:

I would reverse the order of the court below which has been affirmed by a majority of this Court.

The amendment of December 17, 1959, P. L. 1932, to section 461 of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-461, changing the quota from one license for "each one thousand inhabitants or fraction thereof" to one license for "each one thousand five hundred inhabitants" was plainly intended not to increase but to restrict the number of licenses in a municipality. The proviso in section 2 that "this amendment shall not apply to applications for licenses . . . filed and pending" prior to the effective date (February 2, 1960) of the amendment was clearly intended to cover only cases where a vacancy existed under quota restrictions in effect prior to the 1959 amendment. The 1959 proviso was intended to preserve the status quo as to an application "pending" for a vacancy then existing under the former quota restriction of one license to every

one thousand inhabitants or fraction thereof. That is, the more restrictive quota provisions of one license to every one thousand five hundred inhabitants rather than one to every one thousand inhabitants or fraction thereof would not apply to the pending application for which a vacancy in the quota otherwise existed at the time the 1959 amendment went into effect. Obviously, without this proviso, a "pending" application for a vacancy then existing under the old quota would be cut off and rendered nugatory by immediate application of the new and more restrictive quota provision of the 1959 amendment, assuming no change in population figures. *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, 10 A. 2d 899.

The 1959 amendment was not intended to enlarge an existing quota and create a vacancy where none existed before, either under the old or new quota provisions. Nor was the 1959 amendment intended to serve as a vehicle whereby an applicant could take advantage of population increase, after the 1959 amendment, and relate that population increase back to effect a vacancy in the quota where no vacancy ever existed under the prior quota provision. If vacancies are created as a result of increased population through a census subsequent to the 1959 amendment, applicant might be entitled to a license, but this would be under the quota as defined in the 1959 amendment, and there would be no need or occasion for reliance on the exception in the amendment covering "pending" applications. As the lower court states in this case: ". . . the 1960 census certified as of April 1, 1960 showed a population in Middletown Township of 11,256 an increase of 4000 above the 1950 census; . . . this would maintain the quota allowance at seven if the basis were one license per 1500 population, . . ." Therefore no vacancy existed under the 1959 quota provision and the 1960 census figures.

Certainly the 1959 amendment was not intended to be construed to create vacancies under the quota where none otherwise existed prior to the effective date of the 1959 amendment. Quota restrictions are binding upon both the board and the courts. *Zeltner Liquor License Case*, 174 Pa. Superior Ct. 98, 100 A. 2d 132; *Bethel Township Veterans Home Association Liquor License Case*, 180 Pa. Superior Ct. 159, 165, 119 A. 2d 613; *Talley Liquor License Case*, 184 Pa. Superior Ct. 458, 460, 461, 136 A. 2d 143. The result reached by the lower court in this case, and the interpretation put upon the word "pending" as applied to the admitted facts are illogical and wholly at odds with the plain purpose of the 1959 restrictive amendment to the quota provisions of the Liquor Code.

On substantially similar facts, other courts have arrived at a conclusion contrary to that of the court below in this case: Opinion of Judge JOHNSTONE, *Kress Appeal*, 58 Lancaster Law Review 102; and opinion of President Judge RODGERS, *Liquor License Application of Joseph E. Rock*, 5 Mercer County Law Journal 89.

WOODSIDE, J., joins in this dissent.