## Carver Community Center Liquor License Case.

518

Argued March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John A. Eichman, 3rd,* with him *Clark, Spahr, Eichman & Yardley,* for appellant.

*William N. J. McGinniss,* Special Assistant Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WRIGHT, J., April 18, 1963:

The Carver Community Center filed with the Pennsylvania Liquor Control Board an application for a club liquor license at premises located in Bensalem Township, Bucks County. The Board refused the application solely on the ground that the prescribed quota of licenses was filled. The applicant appealed to the Court of Quarter Sessions of Bucks County, which tri-

bunal affirmed the order of the Board. This appeal by the applicant followed. The facts are not in dispute and are set forth in a stipulation under our Rule 37, as follows:

"1. Carver Community Center is a non-profit club incorporated in 1946 under the Act of May 5, 1933, known as the Non-Profit Corporation Law, with its registered office, at all times herein pertinent, in Bensalem Township, Bucks County, Pennsylvania.

"2. Said Carver Community Center occupies as tenant a newly constructed golf course known as 'Cornwells Golf Club', a registered fictitious name, for the benefit of its members and their guests at 1950 Brown Road, Eddington, Bensalem Township, Bucks County, Pennsylvania.

"3. On February 1, 1960 Carver Community Center duly filed with The Pennsylvania Liquor Control Board an application for a new club liquor license for the above premises.

"4. At a hearing held upon said application on April 20, 1961 by The Pennsylvania Liquor Control Board the following facts, inter alia, were established: (a) The applicant is a bona fide club complying with the statutory requirements. (b) The premises proposed to be licensed are adequate to accommodate the membership of the organization. (c) The premises proposed to be licensed are not within 300 feet of a church, school, hospital, charitable institution or public playground, nor within 200 feet of any other place licensed for the sale of alcoholic beverages.

"5. By Act of December 17, 1959, P. L. 1932, Sec. 1 (47 P.S. 1962 Sup., Sec. 4-461) the quota for licenses for the retail sale of liquor, inter alia, was changed from one license per 1000 inhabitants, or fraction thereof, within any municipality, to one license for each 1500 inhabitants.

"6. Sections 2 and 3 of said Act read as follows: 'Section 2. The provisions of this amendment shall not apply to applications for licenses for the retail sale of liquor, or the retail sale of malt or brewed beverages, filed and pending prior to the effective date of this amendment. Section 3. This Act shall take effect February 2, 1960'.

"7. On February 1, 1960, when the application was filed, Bensalem Township, Bucks County had a quota of 22 licenses for the retail sale of liquor and malt beverages (based upon the ratio of one license for each 1000 inhabitants or fraction thereof, as provided by the law then in effect) as determined by the population enumerated [21,858] at a Special Census certified to the Pennsylvania Liquor Control Board December 27, 1957 by the Federal Census Bureau, the said quota being filled by the 22 licenses then in effect.

"8. The 1960 Census certified as of April 1, 1960 showed a population in Bensalem Township, Bucks County of 23,478 which would reduce the quota to 15 licenses if the basis were one license per 1500 population, but would increase the allowable licenses to 24 if the old basis of one license per 1000 population, or fraction thereof, were applicable.

"9. Following said hearing on April 20, 1961, the Pennsylvania Liquor Control Board under date of July 12, 1961 issued an Opinion and Order refusing appellant's application for a new club liquor license on the ground that no vacancy in the quota existed, since after February 2, 1960, on the basis of one license for each 1500 inhabitants, there is a quota of only 15 licenses in Bensalem Township, Bucks County even when applied to the 1960 Census".

We are confronted on this appeal with an unusual situation in that both the appellant and the appellee contend that the order of the court below is erroneous and should be reversed. Although the Board origi-

nally refused the instant application, it has now changed its position in view of our decision in *Scherer Liquor License Case,* 199 Pa. Superior Ct. 49, 184 A. 2d 502. In that case a majority of this court adopted the opinion of Judge Toal of the Court of Quarter Sessions of Delaware County[1] to the effect that the saving clause in the amendment of December 17, 1959, governs a liquor license application filed prior to the effective date of the amendment until the application is finally disposed of, and that the census in effect at the time of the hearing on the application applies. The decision of the learned court below in the instant case was not based upon the issue considered in the *Scherer* case, but upon its conclusion that the amendment of December 17, 1959, does not apply to applications for club licenses. We are not in accord with this conclusion.

The only relevant difference between the instant case and the *Scherer* case is that the application here involved is for a club liquor license, whereas the application considered in the *Scherer* case was for a restaurant liquor license. So far as the issue presently before us is concerned, there is no express distinction in the statute between restaurant liquor licenses and club liquor licenses, nor can we find that any such differentiation is implied or intended. A club liquor license is a license for the retail sale of liquor. This plainly appears from the language in Section 401 of the Code (47 P.S. 4-401), which authorizes the Board "to issue a retail liquor license for any premises kept or operated by a hotel, restaurant, or club". Pertinent in this connection is the following statement by Judge Hirt in *Pine Grove Hose, Hook and Ladder Company Liquor License Case,* 167 Pa. Superior Ct. 194, 75 A. 2d 15: "A

---

[1] *Scherer Appeal,* 28 Pa. D. & C. 2d 60. Allocatur denied, 199 Pa. Superior Ct. xxviii.

club liquor license is a license for the retail sale of liquor and malt or brewed beverages, though sales are limited exclusively to club members". Club liquor licenses are therefore included within the purview of Section 2 of the amendment of December 17, 1959, which expressly relates "to applications for licenses for the retail sale of liquor".

It should be noted that, when the instant case was decided in the lower court, our decision in the *Scherer* case had not yet been handed down. The rationale of the opinion below, as we understand it, is that, since club licenses are excluded in computing the quota, an amendment changing the quota ratio could have no application to club licenses. It is of course true that club licenses are not considered in calculating the quota. However, as pointed out in the *Pine Grove* case, "the exclusion does not remove clubs from the operation of the Quota Law". This follows from the fact that no new club (or restaurant) licenses may be issued once the quota is filled: *DeAngelis Liquor License Case,* 183 Pa. Superior Ct. 388, 133 A. 2d 266. Cf. *Bedford Lodge's License,* 43 Pa. D. & C. 714. We are clearly of the opinion that the quota provisions of the Liquor Code do affect and involve club licenses. The saving clause in the amendment of December 17, 1959 must therefore be interpreted to apply to applications for such licenses.

In brief, on April 20, 1961, the date of the hearing on the instant application, Bensalem Township would have had a quota of twenty-four licenses on the former basis of one license per 1000 population. Under our decision in the *Scherer* case, this calculation controls appellant's application which was then pending and expressly exempted from the operation of the amendment of December 17, 1959.

The order of the court below is reversed, and the Board is directed to issue a club liquor license to the appellant.