## Liquor Control Board *v.* Cassanese, et al.

Argued March 7, 1973, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *J. Leonard Langan,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Taylor B. Coffroth,* for appellee.

OPINION BY JUDGE ROGERS, April 24, 1973:

The Pennsylvania Liquor Control Board has appealed from the action of the Court of Common Pleas of Somerset County ordering the grant of a liquor license to the appellees, Angelo and Josephine Cassanese, for premises known as the Midtown Hotel in Windber Borough.

The appellees remodeled the Midtown Hotel so as to provide 16 bedrooms, only one of which has within its confines a full bathroom consisting of a lavatory, a commode and a bathtub or shower. Four of the bedrooms have within their confines a half bathroom consisting of a lavatory and commode. The appellees have

also provided, however, on the floors where the bedrooms are located, but in rooms completely separate from the bedrooms, four full bathrooms and two half bathrooms.[1]

The question presented by this appeal is whether the facilities provided by the appellees conform to Section 461(c)(2) of the Liquor Code, Act of April 12, 1951, P. L. 90, as amended, 47 P.S. §4-461(c)(2), which reads:

"(c) The word 'hotel' as used in this section shall mean any reputable place operated by a responsible person of good reputation where the public may, for a consideration, obtain sleeping accommodations, and which shall have the following number of bedrooms and requirements in each case—at least one-half of the required number of bedrooms shall be regularly available to transient guests seven days weekly, except in resort areas; *at least one-third of such bedrooms shall be equipped with hot and cold water, a lavatory, commode, bathtub or shower and a clothes closet; and an additional one-third of the total of such required rooms shall be equipped with lavatory and commode.*

. . .

"(2) In municipalities having a population of three thousand and more but less than ten thousand inhabitants, *at least sixteen permanent bedrooms for the use of guests."* (Emphasis supplied.) The court below held that these requirements were satisfied by the Midtown Hotel as remodeled. We disagree.

Section 461(c)(2) requires that one-third of the hotel's bedrooms be equipped with what is commonly known as a full bathroom, and an additional one-third of bedrooms to be equipped with what is commonly

---

[1] The tally of baths, half and full, is somewhat confusing and inconsistent. It is clear that there is only one bedroom having within its confines a full bathroom and only four bedrooms having within their confines half bathrooms.

known as a half bathroom. These minimum physical requirements are mandatory. *Talley Liquor License Case*, 184 Pa. Superior Ct. 458, 136 A. 2d 143 (1957). The word "room" is defined by *Webster's Third New International Dictionary* as a space inside a building usually enclosed or set apart by a partition. The same dictionary defines "equip" as to furnish with material resources or facilities or to fit out. It seems clear to us that the Legislature meant that the bath or half bath should be an integral part of the bedroom, and, therefore, within the space enclosed by the bedroom's partitions. Since here only one bedroom has a full bathroom, whereas five so equipped are required and only four of the bedrooms have half bathrooms whereas five are required to be so equipped, the premises does not qualify for licensure under Section 461(c)(2) of the Liquor Code, 47 P.S. §4-461(c)(2).

Reversed.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I must register my disagreement with the action of the Liquor Control Board in refusing the grant of a liquor license for the premises in question. The action of the Board is based on what, at best, could be labeled as a very technical interpretation of the Act.

Going even further, however, I believe that the action of the lower court in ordering the grant of the license was not contrary to the letter and spirit of the statute. Section 461(c) provides that at least one-third of the bedrooms "be equipped with" a full bathroom and an additional one-third "be equipped with" a half bathroom. The appellees here have provided these facilities but not, according to the Board, where it perceives to be the required location. Using *Webster's Third New International Dictionary* and combining the definitions of "equipped" and "with," we find that "equipped with" means provided with necessary,

useful or appropriate resources (equipped) *alongside* or *near to* (with). The facilities provided by the appellees here are in fact near to the bedrooms. They are on the same floor with the sleeping facilities and they are completely separated from the dining and drinking areas. As such they are adequate within the meaning of §461 and, in my opinion, this interpretation is more attuned to the legislative intent.

The fact that privacy in this modest enterprise may not rise to the standards of a villa in the Algarve is neither a matter for the Board nor the Court's consideration but is solely for acceptance by the patrons of the hotel who, if their discriminating tastes are offended, may seek commodious accommodations elsewhere.

Accordingly, I respectfully dissent.