Appeal of Home Aid Association of John C. Tressler Post No. 3504 of the Veterans of Foreign Wars from Refusal of Pennsylvania Liquor Control Board To Grant Club Liquor License *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board. Pennsylvania Liquor Control Board, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Thomas G. Saylor, Jr.,* with him *Livengood, Braucher & Keim,* for appellee.

OPINION BY JUDGE WILKINSON, June 23, 1976:

Appellee applied to appellant for the grant of a club liquor license. A hearing was held before a hearing examiner appointed by appellant. It appears to be clear from the record, it was found by the hearing examiner and by appellant, and it is not contested by appellee before this Court, that the premises of the proposed license is within 200 feet of other establishments licensed for the sale of liquor and within 300 feet of a United Methodist Church. If either of these two facts was not present, there may or may not be other reasons in this record and properly before us to support the decision of appellant denying the application, but it is not necessary to reach these issues.

The examiner recommended to appellant that the license be granted. Appellant saw fit to reject this recommendation and for, *inter alia,* the above two reasons, rejected the application. An appeal was taken to the court of common pleas which reversed the appellant and directed a license be granted. The court below stated that there was no significance in the fact that the premises of the proposed license was within 200 feet of other licensed premises and within 300 feet of a United Methodist Church. This was reversible error.

A clear discussion of the law on this matter has been so ably and so recently set forth by Judge CRUMLISH in *Bilinsky v. Liquor Control Board,* 7 Pa. Commonwealth Ct. 312, 298 A.2d 698 (1972), and by Judge KRAMER in *Pennsylvania Liquor Control Board v. Two*

*Guy's Delicatessen, Inc.*, 13 Pa. Commonwealth Ct. 602, 319 A.2d 695 (1974), that there is no need to repeat it here. Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-404, clearly gives discretion to appellant to grant or deny a license under these circumstances.

The lower court observed that there were no protestants. While this no doubt would be considered by the appellant, it is firmly established that the absence of protests is not controlling. *425-429, Inc. Liquor License Case,* 179 Pa. Superior Ct. 235, 116 A.2d 79 (1955); *Haase Liquor License Case,* 175 Pa. Superior Ct. 618, 106 A.2d 865 (1954).

The decision of the court below, sustaining the appeal, is reversed and the order of appellant, refusing the application for a club liquor license, is reinstated.

Judge KRAMER did not participate in the decision in this case.