In Re: Appeal of Improved Benevolent Protective Order of Elks of the World, Summit Lodge No. 115 of Uniontown, Pennsylvania. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 3, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*J. Leonard Langan,* Assistant Attorney General,
with him *Harry Bowytz,* Chief Counsel, and *Robert
P. Kane,* Attorney General, for appellant.

*William J. Franks,* for appellee.

OPINION BY JUDGE BLATT, June 15, 1977:

This is an appeal by the Pennsylvania Liquor Con-
trol Board (Board) from an order of the Court of
Common Pleas of Fayette County which reversed a
Board decision denying an application for a club liquor
license.

Summit Lodge No. 115 of the Improved Benevolent
Protective Order of Elks (Lodge) filed an application
with the Board for a club liquor license for their
premises located at 94 Feather Avenue, South Union
Township, Uniontown.   After a hearing at which the
Lodge presented evidence, the Board refused to grant
the license, finding *inter alia* that the premises pro-
posed to be licensed were located within 300 feet of
the Fayette County Housing Authority (Authority)
public playground.   An appeal by the Lodge to the
Court of Common Pleas was sustained, that court find-

ing that the Authority had indicated that it had no objection to the granting of the license, even though the Lodge was located within 300 feet of the Authority's public playground. This appeal followed.

Section 404 of the Liquor Code[1], 47 P.S. §4-404, allows the Board in its discretion to refuse to grant a license "if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or *public playground.*" (Emphasis added.) We have previously recognized that, by this section, the Legislature has given the Board discretion to approve or refuse license applications or applications to transfer licenses and that the function of the lower court on appeal is not to substitute its discretion for that of the Board, but merely to determine whether the Board abused its administrative discretion. *Bilinsky v. Liquor Control Board,* 7 Pa. Commonwealth Ct. 312, 315, 298 A.2d 698, 699 (1972). In this case we believe that the lower court did substitute its discretion for that of the Board and that its order must therefore be reversed.

The lower court noted here, of course, that the Authority had no objection to the licensing, but this was a factor properly to be considered by the Board in exercising its discretion and we have previously held that the absence of objection does not control the Board's decision in these matters. *See Home Aid Association of John C. Tressler Post v. Pennsylvania Liquor Control Board,* 25 Pa. Commonwealth Ct. 271, 273, 360 A.2d 834, 835 (1976). It is uncontested here that the Authority's playground is within 300 feet of the premises which the Lodge proposes to license, and the lower court described the playground here concerned as a public one in its findings. The Lodge

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

argues that the court was mistaken in so doing, but our review of the record establishes that the playground is owned by the Authority which is a public body and also that, although the playground is intended to be used by the tenants of the Authority's nearby housing, the use of the playground by other persons is in no way restricted. Under these circumstances, we believe the lower court correctly described the playground as a public one. And, inasmuch as one of the recognized purposes of the Liquor Code is to discourage the existence of places where alcoholic beverages are dispensed in the vicinity of playgrounds[2], the Board's decision to deny the license application was not an abuse of its administrative discretion.

The decision of the court below is reversed and the order of the Board is reinstated.

### Order

And, Now, this 15th day of June, 1977, the order of the Court of Common Pleas of Fayette County dated February 26, 1976, is hereby reversed and the order of the Pennsylvania Liquor Control Board is hereby reinstated.

---

[2] *See Board of Commissioners of Upper Darby Township v. Penn Continental Motor Inn, Inc.*, 10 Pa. Commonwealth Ct. 652, 314 A.2d 587 (1973) and the cases cited therein.