32 Pa. Commonwealth Ct. 578 (1977)
In Re: Appeal of John F. Rusch, Jr., t/a Korner Lounge. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.
In Re: Application for a New Restaurant Liquor License by John F. Rusch, Jr., Korner Lounge, Four Bower Hill Road, Pittsburgh (Mt. Lebanon), Pennsylvania. Mt. Lebanon United Presbyterian Church, Appellant.
Nos. 1684 and 1744 C.D. 1976.
Commonwealth Court of Pennsylvania.
Argued November 4, 1977.
December 6, 1977.
Argued November 4, 1977, before Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.
*579 J. Leonard Langan, Assistant Attorney General, with him Harry Bowytz, Chief Counsel, for appellant, Commonwealth.
Frank E. Coho, for appellant, Mt. Lebanon United Presbyterian Church.
Martin E. Goldhaber, for appellee.
OPINION BY JUDGE WILKINSON, JR., December 6, 1977:
These are appeals from a decision of the Court of Common Pleas of Allegheny County which set aside an order of the Pennsylvania Liquor Control Board (Board) and directed that a new restaurant liquor license be granted to the appellee. We find it necessary to reverse the lower court and reinstate the order of the Board refusing the application.
The appellee currently possesses a retail malt beverage dispenser license. He has applied for a new restaurant liquor license now that the municipality in which his establishment is located has approved a referendum permitting retail over the bar liquor sales. This application was opposed by the appellant, Mt. Lebanon United Presbyterian Church, and was eventually denied by the appellant Board. The Board based its denial on two findings: (1) that the appellee's establishment is located within 300 feet of the appellant-protestant church, and also the St. Bernard Roman Catholic Church; (2) that the granting of a liquor license would adversely affect the welfare, health, peace *580 and morals of the neighborhood within a radius of 500 feet. Either finding would be sufficient to support the Board's decision.
The lower court reversed the Board on both counts. It found that the appellee was seeking a person to person transfer of a restaurant liquor license, as opposed to applying for a new restaurant liquor license, and, that, therefore, the 300 foot rule was not applicable. Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. § 4-404. See Lousil, Inc. v. Liquor Control Board, 5 Pa. Commonwealth Ct. 33, 288 A.2d 560 (1972). In addition, it found, in effect, that there was insufficient evidence to overcome the presumption that a liquor establishment is not ordinarily detrimental to the community, and, therefore, held that the Board abused its discretion in finding to the contrary.
We find that in the present case the appellee was applying for a new restaurant liquor license, and that this is not a case involving a person to person transfer. Moriarty Liquor License Case, 190 Pa. Superior Ct. 64, 152 A.2d 794 (1959); Talley Liquor License Case, 184 Pa. Superior Ct. 458, 136 A.2d 143 (1957). As such, it was within the Board's discretion to apply the 300 foot rule and deny the application. Elks of the World, Summit Lodge No. 115 v. Pennsylvania Liquor Control Board, 30 Pa. Commonwealth Ct. 526, 374 A.2d 747 (1977). We find nothing in this case that would indicate that the Board has in any way abused the discretion available to it. In addition, we find appellee's constitutional argument, and his analogies to the "non-conforming use" doctrine of the law of zoning, to be without merit.
In light of the above, we need not decide whether the lower court properly concluded that the Board abused its discretion in applying the 500 foot rule.
Accordingly, we will enter the following

*581 ORDER
NOW, December 6, 1977, the decision of the Court of Common Pleas of Allegheny County, No. S.A. 301 of 1976, dated September 17, 1976, is reversed and the order of the Pennsylvania Liquor Control Board refusing the application is hereby reinstated.