In Re: Appeal of Veterans of Foreign Wars Post No. 6347, Mt. Jewett, Pennsylvania. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *J. Leonard Langan,* Assistant Attorney General, *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*John H. Yoder,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 1, 1978:

This is an appeal from a decision of the Court of Common Pleas of McKean County which set aside an order of the Pennsylvania Liquor Control Board (Board) and directed that a club liquor license be granted to the appellee. We reverse the trial court and reinstate the order of the Board refusing the application.

Appellee is Post No. 6347 of the Veterans of Foreign Wars, and is located in the Borough of Mt. Jewett (Borough), McKean County. The quota for liquor

licenses in the Borough is already exceeded. In addition, there is also one hotel liquor license and one club liquor license in effect, neither of which is counted against the quota. The Board found that while the Borough is located in a resort area, there was no substantial need for the appellee's license, and further that appellee's premises are located within 300 feet of the Mt. Jewett Elementary School and playground. The trial court, which heard the matter de novo, concluded that there was a substantial need for the license. Furthermore, the trial court concluded that the Board had erred in finding that the appellee's premises were within 300 feet of the Mt. Jewett Elementary School and playground. We cannot agree with the latter determination.

The record clearly demonstrates that the appellee's premises are located about 145 feet from the school playground, and about 345 feet from the school building itself. The trial court concluded that since the Board's finding stated that the premises to be licensed are located within 300 feet of the school *and* the playground, it was erroneous and could therefore be disregarded. We must disagree.

Under Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404, the Board in its discretion may refuse to grant a license "if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground. . . ." *See In Re: Appeal of Rusch,* 32 Pa. Commonwealth Ct. 578, 379 A.2d 1375 (1977); *In Re: Appeal of Elks of the World, Summit Lodge No. 115,* 30 Pa. Commonwealth Ct. 526, 374 A.2d 747 (1977). As was stated by Judge BLATT in *Elks of the World, supra,* at 528, 374 A.2d at 748:

> We have previously recognized that, by this
> section, the Legislature has given the Board dis-

cretion to approve or refuse license applications or applications to transfer licenses and that the function of the lower court on appeal is not to substitute its discretion for that of the Board, but merely to determine whether the Board abused its administrative discretion.

In the instant case the trial court substituted its discretion for that of the Board. The playground is clearly within 300 feet of the appellee's premises; all agree it is 145 feet from the premises to be licensed. The Mt. Jewett Elementary School, by the same token, is 145 feet distant for it has been held that the word "school," as used in the statute, "must be interpreted to mean the land owned by a school district for school purposes, and on which a school building is, or may be in the process of being erected." *DiRocco Liquor License Case,* 167 Pa. Superior Ct. 381, 383, 74 A.2d 501, 502 (1950). The playground is on the Mt. Jewett Elementary School property. Thus, the Board's fourth finding of fact, which stated that the school and playground were within 300 feet of appellee's premises, is clearly correct when considered in light of the judicial interpretation afforded the word "school." Therefore, the fact that the school building itself is 345 feet from appellee's premises is irrelevant, and could not be used by the trial court as a basis for reversing the Board.

Accordingly, we will enter the following

## Order

And Now, June 1, 1978, the decision of the Court of Common Pleas of McKean County, at No. 149 February Term, 1976, dated March 3, 1977, is reversed, and the order of the Pennsylvania Liquor Control Board, dated January 12, 1976, denying appellee's request for a new club liquor license is reinstated.