In Re: Michael C. Prezioso, St. Clair Lounge, 1100 Bower Hill Road, Pittsburgh, Pa. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

In Re: Michael C. Prezioso, St. Clair Lounge, 1100 Bower Hill Road, Pittsburgh, Pa. Mt. Lebanon School District, an aggrieved party, Appellant.

Argued May 5, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*James P. Deeley,* with him *Harry Bowytz,* Chief Counsel, and *J. Leonard Langan,* Assistant Attorney General, for appellant, Pennsylvania Liquor Control Board.

*Donald C. Bush,* with him *Dale P. Frayer,* and *Anderson, Moreland & Bush,* for appellant, Mt. Lebanon School District.

*John E. Grasberger,* with him *S. David Litman,* and *Litman, Litman, Harris & Specter,* P.A., for appellee.

OPINION BY JUDGE WILKINSON, JR., June 8, 1978:

The Pennsylvania Liquor Control Board (Board) appeals a decision of the Court of Common Pleas of Allegheny County ordering the Board to issue a restaurant liquor license to the appellee (applicant). We reverse and reinstate the order of the Board refusing the application.

In 1950 applicant's parents obtained a malt beverage dispenser license for their family restaurant,

located in Mount Lebanon Township (Township). The license and the business were transferred to the applicant in 1974. After the passage of a referendum allowing over the bar liquor sales in the Township in 1975, applicant sought a restaurant liquor license. His application, which was opposed by the appellant, Mt. Lebanon School District, was denied by the Board on two grounds: that the premises are located within 200 feet of other establishments licensed by the Board and that the premises are also within 300 feet of the St. Clair Memorial Hospital and the Herbert Hoover Elementary School.[1] The lower court sustained the appeal of the applicant, finding the Board's discretionary power to refuse a license pursuant to Section 404 of the Code, does not apply when the holder of a malt beverage license applies for a restaurant liquor license following the passage of a municipal referendum, reasoning that such a license is not a "new license."

We must agree with the Board that there is no support within the language of Section 404 or case law for this interpretation of the Code. We find the procedural posture of this case on all fours with our decision in *Appeal of Rusch*, 32 Pa. Commonwealth Ct. 578, 379 A.2d 1375 (1977) where we held that an application for a restaurant liquor license by the holder of a malt beverage dispenser license must be

---

[1] The Board's action was pursuant to Section 404 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-404, which provides:

[I]n the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board. . . .

treated as an application for a new license subject to the restrictions of Section 404. Indeed, able counsel for applicant does not argue to the contrary.

The applicant on alternative grounds seeks affirmance of the trial court's order alleging the Board has abused its discretionary power to refuse or grant applications pursuant to Section 404. As was stated by Judge BLATT, speaking for this Court in *Elks of the World, Summit Lodge No. 115 v. Pennsylvania Liquor Control Board*, 30 Pa. Commonwealth Ct. 526, 374 A.2d 747 (1977), by enactment of Section 404, the Legislature has given the Board the discretionary power to refuse or grant applications subject to the limitations in the Code and it is not the function of either the court of common pleas or this Court to substitute its discretion for that of the Board.

Applicant presents a forceful and well reasoned argument that the Board, having found that the applicant's location is within 200 feet of another licensed establishment and within 300 feet of a school and a hospital, must then go further and find that to issue the license within such designated distance would be detrimental to the public welfare, health, peace or morals. Unfortunately for applicant's position, such is not the law in Pennsylvania. *Elks of the World, Summit Lodge No. 115 v. Pennsylvania Liquor Control Board, supra; Jack's Delicatessen, Inc. Liquor License Case,* 202 Pa. Superior Ct. 481, 198 A.2d 604 (1964).

Accordingly, we will enter the following

ORDER

AND Now, June 8, 1978, the order of the Court of Common Pleas of Allegheny County, No. S.A. 295 of 1976, dated September 17, 1976, is reversed, and the order of the Pennsylvania Liquor Control Board, dated February 5, 1976, is hereby reinstated.