Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* William T. Picciotti and Jane L. Picciotti, t/a Picciotti's Pizza Restaurant, Appellees.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*J. Leonard Langan*, Assistant Attorney General, with him *James J. Fitzgerald, III*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for appellant.

*Robert W. Valimont, Power, Bowen & Valimont*, for appellees.

OPINION BY JUDGE WILKINSON, JR., March 17, 1981:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Bucks County reversing a Board decision refusing an application for a new restaurant liquor license. We reverse.

After two days of hearings, the Board refused the application finding, *inter alia*, that the proposed licensed premises were located within 300 feet of the Buckingham Monthly Meeting of Friends and Buckingham Friends School (Objectors) both of which are restrictive institutions under Section 404 of the Liquor

Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-404.[1]

Following a de novo hearing at which additional evidence was received, the court of common pleas made a finding of fact as follows:

3. The premises proposed to be licensed are located within three hundred feet of the premises on which both the Buckingham Friends School and Buckingham Monthly Meeting of Friends are located.

In its memorandum filed on April 15, 1980, in support of its earlier order of May 11, 1979, there is considerable confusion as to the measurements the common pleas court used in determining whether any restrictive institution is within 300 feet of the proposed place to be licensed. We are spared the necessity of resolving the conflict between finding of fact 3 and the discussion in the court's memorandum by able counsel for the applicants conceding at oral argument that the distance from the proposed location to be licensed to the Friends School was, in fact, less than 300 feet.[2]

This critical fact having been established, we are presented with the very narrow issue of whether, under these circumstances, the Board abused its discretion in denying the license. We conclude that it did not.

---

[1] Section 404 of the Liquor Code provides "[t]hat in the case of any new license . . . the board may, in its discretion, grant or refuse such new license . . . if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground."

[2] Counsel, whose candor and honesty we applaud, based this concession on his statement to the trial court to the effect that the Applicants did not dispute the measurements offered by the school principal. The principal testified earlier that the school was 277 feet from the proposed licensed location.

Despite the Applicants' strenuous arguments to the contrary, it is of no moment that the proposed licensed premises may be inaccessible to the school children due to an intervening highway or for other similar reasons. The fact that a restrictive institution "is located within 300 feet of the place proposed to be licensed is sufficient *in and of itself* to support an exercise of discretion in granting or refusing [an] application." *In Re Chiavaroli*, 54 Pa. Commonwealth Ct. 588, 591 n. 2, 422 A.2d 1195, 1196 n. 2 (1980) (emphasis added); *425-429, Inc. Liquor License Case*, 179 Pa. Superior Ct. 235, 116 A.2d 79 (1955), *allocatur refused*, 179 Pa. Superior Ct. XXVI[3]; *Her-Bell, Inc. Liquor*

---

[3] In that case Judge Ross dealt with a situation where, as here, the applicants were "of excellent character and reputation and their restaurant is operated in an exemplary manner." It seems appropriate to quote the language there used to reverse the trial court's grant of a license.

We recognize that administrative discretion must be subject to judicial scrutiny or it will no longer be discretion but tyranny. Hotchkiss Liquor License Case, 169 Pa. Superior Ct. 506, 511, 83 A.2d 398. However, there must be a clear abuse of administrative discretion before our courts are authorized to set aside the action taken by an administrative board. In a situation as in the instant case, we are faced with a clear manifestation by the legislature declaring that when the proposed premises are located within three hundred feet of a restrictive institution, extreme caution must be exercised by the board in granting or refusing the license or transfer. It has placed a clear and distinct warning signal in the Code itself. The legislative policy under these circumstances is not, as appellee contends, that where the applicant is of good repute and the premises meet the requirements of the Code, the board must issue the license or grant a transfer despite the fact that it is within 300 feet of a church. Were that the legislative criterion, it would have been superfluous to write into the Code the 300-foot provision, for the requirements as asserted by appellee are basic for the issuance or transfer of any license irrespective of its proximity to churches, schools, etc. Clearly, the policy

*License Case,* 176 Pa. Superior Ct. 206, 107 A.2d 572 (1954). And, since one of the recognized purposes of the Liquor Code is to discourage the existence of places where alcoholic beverages are dispensed in the vicinity of schools, the Board's decision to deny the license application was not an abuse of its administrative discretion. *Improved Benevolent Protective Order of Elks, Uniontown, Pennsylvania Liquor License Case,* 30 Pa. Commonwealth Ct. 526, 374 A.2d 747 (1977).

Accordingly, we will enter the following.

### ORDER

AND Now, March 17, 1981, the order of the Court of Common Pleas of Bucks County, dated May 11, 1979 and docketed at No. 77 M.M. 1976, is hereby reversed and the order of the Pennsylvania Liquor Control Board, dated May 11, 1976 is reinstated.

---

of the legislature was to discourage the sale of liquor in close proximity to the restrictive institution and we must therefore interpret the provisions of the Act in a light most favorable to the accomplishment of that purpose.
*425-529, Inc. Liquor License Case, Id.* at 241-42, 116 A.2d at 82-83.